(No. 62707

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. FRANK T. WHITE, Appellant.

*Opinion filed October 17, 1986.*

Daniel D. Yuhas, Deputy Defender, and David P. Bergschneider, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma J. Stewart, Solicitor General, and Mark L. Rotert and David E. Bindi, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

Following a jury trial in the circuit court of Vermilion County, the defendant, Frank White, was found guilty of aggravated battery of a child (Ill. Rev. Stat. 1983, ch. 38, par. 12—4.3), aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4) and battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—3). After a sentencing hearing during which the trial judge received evidence and heard arguments in aggravation and mitigation, the defendant was sentenced to concurrent terms of four years' impris-

onment for aggravated battery of a child, and aggravated battery. In a Rule 23 order (87 Ill. 2d R. 23), a divided appellate court affirmed the defendant's conviction and sentence for aggravated battery of a child; the defendant's convictions for aggravated battery and battery and his sentence for aggravated battery were reversed as included offenses of the conviction for aggravated battery of a child. (137 Ill. App. 3d 1154.) We allowed defendant's petition for leave to appeal (103 Ill. 2d R. 315(a)).

The victim of defendant's unlawful acts was defendant's son, Cloanger Tyrone Robinson, who was nine years old at the time of the incident. Both the victim and the defendant testified at trial that the defendant beat the victim with a plastic jump rope because the victim violated a family rule requiring the children to be home by dark. During the beating, which the victim testified lasted approximately an hour, a neighbor advised a police officer of the possibility of child abuse. The officer went to the home in which defendant was living, examined the child's injuries, arrested the defendant, and transported the child to the hospital. Marks from the beating remained visible at the time of defendant's trial, two months later.

After the jury found the defendant guilty of the offenses charged, the trial judge ordered a sentencing hearing. At the sentencing hearing, the trial judge heard arguments from the defense attorney and the prosecutor as to an appropriate sentence. In imposing a four-year term of imprisonment upon the defendant, the trial judge explained:

"The aggravating factors in the case are severe. There are basically four. One, your conduct caused serious physical and emotional harm to another. Second, you have a history of prior criminal activity, albeit a very minor one. Third, and of primary importance in my opinion,

is the need to deter, which is probably evident in this type of offense to a degree found in no other. And finally, the fact that the victim in this case was under the age of 12 years, which makes you eligible for extended term sentence; and I would make that finding.

\* \* \*

Of primary importance in considering sentence in this case as previously indicated is the need to deter. In old laws, old mores and old theories die hard. But children are not chattels. They're not items of property owned by the parents to be used or abused as they will. Children have rights and are entitled to whatever protection the law can provide to insure that they live in a reasonably safe environment free from the type of physical beating adequately demonstrated by the record in this case. I would suggest that if you had administered this type of a beating on an adult who was powerless or a crippled adult or anyone else enjoying adult status, most individuals would consider a request for probation to require a substantial burden on the defendant.

This sentence is patterned primarily as the law allows on the issue of deterrency [*sic*]. I believe that a penitentiary sentence is required as a result of your actions in this case and that probation would be totally inappropriate."

Citing *People v. Conover* (1981), 84 Ill. 2d 400, the defendant contends that the trial court, in sentencing the defendant for aggravated battery of a child, improperly considered as an aggravating factor that the victim was a child; the defendant correctly notes that a conviction for aggravated battery of a child under section 12—4.3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12—4.3) requires that the victim be a child under the age of 13.

In *Conover*, this court held that a defendant's receipt of compensation in the form of proceeds was implicit in most burglaries and every theft, and, therefore, could not be used as an aggravating factor in sentencing for

those offenses. (*People v. Conover* (1981), 84 Ill. 2d 400, 404.) This court reasoned that, in determining the appropriate range of punishment for a criminal offense, the legislature must necessarily have considered the factors inherent in the offense. 84 Ill. 2d 400, 405; see *People v. Reid* (1983), 94 Ill. 2d 88, 90-91; see also *People v. Brownell* (1980), 79 Ill. 2d 508, 525-26 (fact that individual murdered during the course of a felony was a potential witness to the murderer's actions may not be used as an aggravating factor in sentencing, because in every murder the victim is obviously prevented from testifying against the murderer).

In establishing aggravated battery of a child as a statutory offense separate from aggravated battery, the legislature has already made the youth of the victim an element of the offense. Under the statute, the legislature has provided a higher penalty for persons who commit aggravated battery upon children under 13. Aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4) is a Class 3 felony, punishable by two to five years' imprisonment (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(6)); aggravated battery of a child (Ill. Rev. Stat. 1983, ch. 38, par. 12—4.3), however, is a Class 2 felony, punishable by three to seven years' imprisonment (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(5)). We hold that because a necessary element of a conviction for aggravated battery of a child is that the victim is less than 13 years of age, the general fact that the victim is a child under the age of 13 years should not be considered as an aggravating factor in sentencing for this offense.

Because the trial judge improperly considered as an aggravating factor in imposing sentence the fact that the victim in the present case was a child at the time of the incident, we must determine if remandment for resentencing is required. In *People v. Bourke* (1983), 96 Ill. 2d 327, this court indicated the circumstances under

which a reviewing court must remand for resentencing when a trial court considers an improper aggravating factor in imposing sentence:

"[R]eliance on an improper factor in aggravation does not always necessitate remandment for resentencing. Where the reviewing court is unable to determine the weight given to an improperly considered factor, the cause must be remanded for resentencing. [Citations.] However, where it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required. [Citations.]" 96 Ill. 2d 327, 332.

The defendant here received a four-year prison sentence, one year above the statutory minimum for a Class 2 felony. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(5).) A probation officer's presentence investigation report on the defendant considered the chances of the defendant's successful community rehabilitation through probation to be "guarded." Aside from the improper aggravating factor, the trial judge recited three other factors which he found to be aggravating; of the aggravating factors named, the judge stressed that he placed primary importance on the need to deter crimes of a similar nature from occurring in the future. The trial judge also noted that he had considered each of the statutory mitigating factors, and found that none of them applied to the defendant. Additionally, the trial judge noted the severity of the beating, which had left marks on the victim still visible at trial, although the beating had occurred some two months earlier. Recognizing the need to deter similar conduct, the trial judge stated that granting the defendant probation was inappropriate and would deprecate the seriousness of the offense. After reviewing the record here, we find, as in *Bourke*, that the weight placed by the trial judge on the improperly con-

sidered factor was insignificant, and did not result in a greater sentence upon the defendant. We decline, therefore, to remand the instant case for resentencing.

We note parenthetically that during the sentencing hearing the trial judge found that, because the victim was under 12 years of age at the time of the offense, the defendant was eligible for an extended-term sentence. Defense counsel suggested during the sentencing hearing that the age of the victim was inherent in the charge; noting that the defendant did not receive an extended-term sentence, the State has conceded in its brief in this court that the defendant was not eligible for extended-term sentencing. (See *People v. Eddington* (1979), 77 Ill. 2d 41, 48.) The defendant, however, has not raised the question of whether the trial judge's finding of the defendant's eligibility for an extended-term sentence affected the sentence actually imposed, and we, therefore, need not consider that issue.

Having determined that the factor improperly considered by the trial judge in aggravation did not result in a sentence greater than that which would have been imposed had the factor not been considered, we need not remand for resentencing. Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*