(No. 67652.—

(No. 67674.—

(No. 67761.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RONALD FERGUSON, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. THOMAS W. DeWEESE, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. TERRY KICINSKI, Appellant.

*Opinion filed October 25, 1989.—Modified on denial of rehearing December 4, 1989.*

88

CALVO, J., took no part.
MILLER, J., dissenting.

Robert Agostinelli, Deputy Defender, and Mark D. Fisher and Catherine M. Fitzsimmons, Assistant Defenders, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Arleen C. Anderson, Assistant Attorneys General, of Chicago, of counsel), for the People.

Neil F. Hartigan, Attorney General, of Springfield, and James Tomaw, State's Attorney, of Newton (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Arleen C. Anderson, Assistant Attorneys General, of Chicago, and Kenneth R. Boyle, Stephen E. Norris and Gerald R. Arnold, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Dan Kirwan, Deputy Defender, and Michelle Zalisko, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

Robert Agostinelli, Deputy Defender, and Mark D. Fisher and Catherine M. Fitzsimmons, Assistant Defenders, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Arleen C. Anderson, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE CLARK delivered the opinion of the court:

The defendants in these consolidated appeals were tried and convicted for separate and unrelated offenses. Each of the defendants received extended-term sentences pursuant to section 5—5—3.2(b)(3)(i) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)(i) (now Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(4)(i))), which authorizes the imposition of an extended-term sentence upon a defendant who is convicted of committing a felony against a person under the age of 12. In separate appeals, each defendant challenged his sentence arguing that in cases in which the age of the victim is an element of the offense, application of section 5—5—3.2(b)(3)(i) constitutes an impermissible double enhancement. In unpublished orders pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23), the appellate court affirmed the extended-term sentence of

Ronald Ferguson for aggravated kidnapping but reduced his sentence for aggravated criminal sexual assault to a nonextended term of seven years (*Ferguson*, 173 Ill. App. 3d 1159 (unpublished order under Supreme Court Rule 23)); affirmed the conviction of Thomas DeWeese, but reduced his sentence to a nonextended term (*De-Weese*, 171 Ill. App. 3d 1167 (unpublished order under Supreme Court Rule 23)); and affirmed both the conviction and the extended-term sentence of Terry Kicinski (*Kicinski*, 172 Ill. App. 3d 1171 (unpublished order under Supreme Court Rule 23)). We granted review (107 Ill. 2d R. 315).

The sole issue presented by these consolidated appeals is whether a victim's age may be considered as an aggravating factor under section 5—5—3.2(b)(3)(i) where the victim's age is also an element of the offense for which the defendant is being sentenced. We hold that it may not.

We begin with a brief recitation of the facts in each case.

In No. 67652, the defendant, Ronald Ferguson, was charged by information with aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c)(1)(i)) and aggravated kidnapping (Ill. Rev. Stat. 1985, ch. 38, par. 10—2(a)(2)) for detaining and engaging in sexual conduct with a minor under 13 years of age. At trial, the six-year-old complaining witness testified that she was helping the defendant clean his yard when he picked her up and carried her into his house. The defendant took her into a bedroom, shut the door, set her on a bed and undressed her. He tied her hands and feet with wire, taped her mouth, and began touching her. When someone knocked on the door, the complainant made a noise, prompting the defendant to punch her in the face. The defendant then opened the door, and found his mother standing there.

The defendant's mother, Louella Ferguson, testified that when she arrived home from work several people were in front of her house. Upon learning that they were looking for the complainant, she went to the defendant's bedroom, knocked on his door, and asked if he knew where the complainant was. When she heard a noise in the bedroom, she told the defendant to open the door. She found the complainant naked, with her mouth taped.

Officer James Klancher of the Joliet police department arrived at the Fergusons' house shortly after the defendant's mother discovered the complainant. At that time, the complainant related essentially the same events to Officer Klancher as in her testimony in court.

Illinois State police serologist Judy Welch testified that traces of seminal material were found both on a rectal swab taken from the complainant just after Louella Ferguson found her, and on the complainant's pants and underwear. The small amounts of the seminal material made it impossible to identify the source.

The defendant took the stand in his own defense. He testified that he was in his house when he heard a loud noise outside, and found the complainant on the swing set in his yard. When he told her to go home, she threw a rock at him. The rock bounced off his house and hit her in the head. The defendant told her that she could clean herself in his house. Because the complainant was afraid of the defendant's dog, he told her to use the upstairs bathroom. The defendant then fell asleep watching television. When he awoke, he found the complainant naked in his bedroom, with tape on herself. It was at this time that his mother came to the door. He denied touching the victim for sexual arousal or forcing her into the house.

Based on this evidence, Ferguson was convicted of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985,

ch. 38, par. 12—16(c)(1)) and aggravated kidnapping (Ill. Rev. Stat. 1985, ch. 38, par. 10—2(a)(2)). The trial court found the defendant to be eligible for extended-term sentences on both offenses by virtue of having committed a Class 2 felony within the last 10 years (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1)) and the fact that the victim was under 12 years of age at the time of the offense (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)(i)). Ferguson was sentenced to concurrent extended terms of imprisonment of 30 years for aggravated kidnapping and 14 years for aggravated criminal sexual abuse.

On appeal, Ferguson argued that the trial court erroneously relied on the complainant's age in imposing extended-term sentences and that he should not have received extended-term sentences for both aggravated criminal sexual abuse and aggravated kidnapping. The appellate court determined that when a defendant is convicted of offenses of different classes, an extended-term sentence may be imposed only for the conviction of the most serious class, and reduced the sentence for aggravated criminal sexual abuse to a nonextended term of seven years. However, the appellate court determined that an extended-term sentence was properly imposed for the aggravated kidnapping conviction, and affirmed the 30-year sentence.

In No. 67674, Thomas DeWeese was charged by information with the offense of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)) for engaging in sexual conduct with a child under 13 years of age. Pursuant to a negotiated plea, the State amended the information to a charge of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c)(1)(i)). The defendant pled guilty to aggravated criminal sexual abuse, and was sentenced to an extended-term sentence of 14 years, based on the fact that

the victim had been under the age of 12 at the time of the offense (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)(i)).

The defendant appealed, arguing that the imposition of an extended-term sentence violated the principle that a trial court may not rely upon a factor inherent in an offense as an additional aggravating factor at sentencing. Such reliance, the defendant contended, results in a double enhancement of the allowable punishment for that offense. The appellate court determined that an extended term should not be imposed, and reduced the defendant's sentence to seven years' imprisonment.

In No. 67761, Terry Kicinski was charged by information with aggravated criminal sexual assault for committing an act of sexual penetration on his daughter, who was under the age of 13 at the time of the offense. (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1).) The evidence against the defendant consisted primarily of the testimony of the complainant. At trial, it was established that the defendant's wife was deceased and that the complainant lived with her maternal grandmother. On March 27, 1987, the defendant, the complainant, her two brothers and a friend went to the home of Ken Schuh. While at the Schuh home, Schuh brought out some hashish, placed it in a pipe and passed it around. The defendant offered both beer and hashish to his daughter, but she refused them. The defendant and the children left the Schuh home after about 40 minutes and went to spend the weekend at the home of Ted and Jean Fox. When they arrived at the Fox home, there was a party in progress next door. At the party, the defendant again offered the complainant a pipe, which she declined. He also pulled her onto his lap and kissed her. She remained on the defendant's lap for about one hour.

After the party, the defendant and the children returned to the Fox residence. The complainant was to

sleep on the loveseat in the living room, and the defendant was to sleep on the sofa. After they lay down, the defendant told her to lie down with him. She went over to the sofa where the defendant fondled her breasts under her shirt and her vaginal area for several minutes. He inserted his fingers in her vagina, and she felt some discomfort. After a few minutes, the complainant pushed the defendant off her, got up and left the room. She returned with a blanket and went to sleep on the loveseat. The complainant testified that the defendant told her that if she told anyone about the incident, he would kill her grandmother.

The next evening, the defendant and the complainant again went to a party next door. She stated that the defendant made her sit on his lap and kissed her on the mouth. Once the party broke up, they returned to the Foxes' house to sleep. The defendant pulled the complainant onto the loveseat, fondled her and pulled her pants down. He unbuttoned his jeans and inserted his erect penis in her vagina, although this was painful to the complainant. The defendant began moving his penis in and out of her vagina, but stopped when Jeanne Fox came downstairs. The defendant covered himself and the complainant with a blanket. Fox put a tape on the stereo and went upstairs. The defendant again inserted his penis into the complainant's vagina for several minutes. The complainant tried to shove the defendant off, and he finally rolled off her. The defendant told the complainant that if she told anyone, he would kill her grandmother. The complainant then went upstairs to sleep.

The next morning, she found a large amount of dried blood on her panties, but did not tell anyone; rather, she disposed of them in the trash container. She also stated that she had felt "drippy stuff" near her vagina after the incident had occurred. She did not tell anyone about this incident until May 4, 1987, approximately one week

after she learned that she would be moving to Ohio to live with her father, the defendant.

Jeanne Fox testified that on the night of the incident, before she went upstairs the complainant was on the loveseat and the defendant was on the couch. When she returned about 10 minutes later, the defendant was on the couch covered with a blanket, but the complainant was not on the loveseat.

Based on this evidence, the jury found the defendant guilty of aggravated criminal sexual assault. Relying on the fact that the victim had been under the age of 12 at the time of the incident, the trial court found the defendant to be eligible for an extended-term sentence (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)(i)) and imposed an extended-term sentence of 40 years' imprisonment for his conviction of aggravated criminal sexual assault.

Defendant appealed, arguing that the trial court had erred in considering the age of the victim in imposing the extended-term sentence, since the victim's youth was the factor used to enhance the class of the offense from a Class 1 felony to a Class X felony. The appellate court rejected this argument, and affirmed both the conviction and the extended-term sentence.

The facts of these consolidated cases are not in dispute. Each of the defendants was convicted for perpetrating an offense against a victim under 13 years of age: Ronald Ferguson was convicted of aggravated kidnapping for detaining a child under 13 years of age; Thomas DeWeese was convicted of aggravated criminal sexual abuse for engaging in sexual conduct with a child under 13 years of age; and Terry Kicinski was convicted of aggravated criminal sexual assault for committing an act of sexual penetration on a child under the age of 13. Each defendant received an enhanced sentence, pursuant to section 5—5—3.2(b)(3)(i), based on the fact that the victim was un-

der the age of 12 at the time of the incident. At the time the defendants were convicted, section 5—5—3.2(b)(3)(i) provided:

"(b) the following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed:

\* \* \*

(3) When a defendant is convicted of any felony committed against:

(i) a person under 12 years of age at the time of the offense." Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)(i).

The defendants maintain that the trial courts improperly considered the age of the victim as an aggravating factor at sentencing, since that factor had already been taken into consideration by the General Assembly when it elevated the offenses of criminal sexual abuse, criminal sexual assault and kidnapping to aggravated criminal sexual abuse, aggravated criminal sexual assault and aggravated kidnapping in cases where the victim is under 13 years of age. Defendants argue that if the legislature had intended to enhance the penalty a second time based on the same age factor, such an intent would have been more clearly expressed.

The precise issue raised by the defendants has not been decided by this court. The appellate court has had the opportunity to construe section 5—5—3.2(b)(3)(i), however, and has reached conflicting conclusions. (Compare *People v. Giller* (5th Dist. 1987), 162 Ill. App. 3d 209; *People v. Fletcher* (1st Dist. 1987), 156 Ill. App. 3d 405; *People v. Campos* (2d Dist. 1987), 155 Ill. App. 3d 348 (cases which hold that the victim's age cannot be considered as an aggravating factor at sentencing when the age of the victim is inherent in the offense), with *People v. Phillips* (3d Dist. 1987), 159 Ill. App. 3d 483; *People v. Williams* (5th Dist.

1986), 142 Ill. App. 3d 266 (cases which hold that it is not error to consider the age of the victim as an aggravating factor in sentencing).) In order to insure uniformity in the application of this section throughout the State of Illinois, we find it necessary to resolve these differences.

Generally, a factor implicit in the offense for which the defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense, absent a clear legislative intent to accomplish that result. (*Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 374.) This rule is based on the reasoning that, in determining the appropriate range of punishment for a criminal offense, the legislature must have necessarily considered the factors inherent in the offense. *People v. White* (1986), 114 Ill. 2d 61, 66 (general fact that victim is a child under 13 years of age should not be considered as an aggravating factor in sentencing for aggravated battery of a child because a necessary element of that offense is that the victim be less than 13 years of age); see also *People v. Conover* (1981), 84 Ill. 2d 400, 404-05 (since most burglaries and all thefts involve proceeds, fact that the crime involved proceeds should not be used as an aggravating factor at sentencing); *People v. Brownell* (1980), 79 Ill. 2d 508, 525-26 (fact that individual murdered during the commission of a felony was a potential witness against the offender should not be considered as an aggravating factor at sentencing, since every murder victim is a potential witness against the murderer).

In determining whether the legislature intended a double enhancement in the present cases we look, as we must, to the text of the statute itself as the best indicator of legislative intent. Where the statutory language is clear and unambiguous, a court must enforce the law as enacted without considering other aids of construction. (*County of Du Page v. Graham, Anderson, Probst & White* (1985), 109 Ill. 2d 143, 151.) However, where the

statute is ambiguous, in order to determine the intent of the legislature we must look not only to the language of the statute, but also to the " 'reason and necessity for the law, the evils to be remedied and the objects and purposes to be obtained.' " (*People v. Alejos* (1983), 97 Ill. 2d 502, 511, quoting *Mid-South Chemical Corp. v. Carpentier* (1958), 14 Ill. 2d 514, 517.) Where we have no legislative history to assist us in determining whether the General Assembly intended a double enhancement, this court has recognized that any ambiguity in penal statutes, particularly in the case of enhancement provisions, must be resolved in favor of the defendant, and that a specific statute will be given precedence over a general one, regardless of their temporal sequence. *Alejos*, 97 Ill. 2d at 512; *People v. Haron* (1981), 85 Ill. 2d 261, 278.

In the present instance, the scope of section 5—5—3.2(b)(3)(i) is undoubtedly ambiguous; were it not, we would not have such conflicting interpretations of that provision. In our opinion, in establishing specific offenses in cases where the victim was under 13 years of age, the legislature has already made the youth of the victim an element of the offense. (See *People v. White* (1986), 114 Ill. 2d 61, 66.) Had the General Assembly intended that the general enhancement provisions of section 5—5—3.2 apply to such cases as well, we believe such an intent would have been more clearly expressed. In light of this ambiguity, we conclude that application of the rule of lenity is appropriate and hold that the age of the victim should not be considered for the imposition of an additional penalty under section 5—5—3.2(b)(3)(i) where the penalty for the underlying offense has already been enhanced based on the age of the victim.

This conclusion is supported by the fact that section 5—5—3.2 was subsequently amended to provide that an extended-term sentence may be imposed upon any offender

who was at least 17 years old on the date the crime was committed and who was convicted of aggravated criminal sexual assault against a victim who was under 18 years of age at the time of the commission of the offense. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(c).) Although the State argues that this amendment simply clarifies the legislature's intent to apply harsher penalties in cases where the assaults involve children, we regard it as an example of a clear expression of legislative intent to permit a double enhancement of the penalty, an expression that we find to be lacking in section 5—5—3.2(b)(3)(i). Accordingly, to the extent that *People v. Phillips* (1987), 159 Ill. App. 3d 483, and *People v. Williams* (1986), 142 Ill. App. 3d 266, conflict with this decision, they are overruled.

Having determined that the trial courts improperly considered the age of the victim as an aggravating factor, the next question is whether the causes should be remanded for resentencing. This court noted in *People v. White* (1986), 114 Ill. 2d 61, that:

" '[R]eliance on an improper factor in aggravation does not always necessitate remandment for resentencing. Where the reviewing court is unable to determine the weight given to an improperly considered factor, the cause must be remanded for resentencing. [Citations.] However, where it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required. [Citations.]' " 114 Ill. 2d at 67, quoting *People v. Bourke* (1983), 96 Ill. 2d 327, 332.

The record indicates that in the cases of Thomas DeWeese and Terry Kicinski, the trial courts relied on the fact that the victim was under 12 years of age as the sole aggravating factor for imposing extended-term sentences. We note that in the case of Thomas DeWeese, the appellate court determined that section 5—5—3.2(b)(3)(i) was improperly considered and reduced the defendant's

sentence (107 Ill. 2d R. 615(b)) to seven years' imprisonment, the maximum nonextended penal term. As Terry Kicinski's sentence was not modified on appeal, we remand his case for reconsideration of the sentence.

As to Ronald Ferguson, however, the record establishes that the trial court found two statutory aggravating factors to be present; first, the victim was under 12 years of age (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)(i)) and, second, the defendant had been convicted of a felony within the last 10 years (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1)). We note that pursuant to section 5—5—3.2(b)(1) an extended-term sentence is authorized when the defendant has been "previously convicted in Illinois of the same or greater class felony." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1).) In the present case, Ferguson's prior conviction was for a Class 2 felony and, consequently, cannot be used to enhance the sentence for aggravated kidnapping, which is a Class 1 felony. As noted by the appellate court, the prior felony could not be used to enhance Ferguson's sentence for aggravated criminal sexual abuse since extended-term sentences may only be imposed for convictions within the most serious class of offense of which the accused is convicted. (*People v. Jordan* (1984), 103 Ill. 2d 192, 207.) As there are no other aggravating factors which would justify the imposition of an extended-term sentence, we hold that the extended-term sentence imposed for Ferguson's aggravated kidnapping conviction was improper. Cause No. 67652 is similarly remanded for reconsideration of the sentence.

For the reasons stated, the judgment of the appellate court is affirmed as to No. 67674, Thomas DeWeese. The judgments of the appellate court in Nos. 67652 and 67761, affirming the convictions and extended sentences of Ronald Ferguson and Terry Kicinski, are affirmed as to the convictions, but reversed as to the extended sen-

tences; the judgments of the circuit court are similarly affirmed in part and reversed in part, and the causes are remanded to the circuit courts of Will and Bureau Counties for resentencing.

*No. 67652—Appellate court judgment affirmed in part and reversed in part; circuit court judgment affirmed in part and reversed in part; cause remanded.*
*No. 67674—Judgment affirmed.*
*No. 67761—Appellate court judgment affirmed in part and reversed in part; circuit court judgment affirmed in part and reversed in part; cause remanded.*

JUSTICE CALVO took no part in the consideration or decision of this case.

JUSTICE MILLER, dissenting:

I do not agree with the majority's conclusion that under the statutory provisions applicable here a crime victim's age may not both constitute an element of the offense and serve as the basis for imposing an extended-term sentence on the offender. Accordingly, I dissent.

Section 5—5—3.2(b)(3)(i) of the Unified Code of Corrections authorizes the court to impose an extended term of imprisonment on a defendant who has been convicted of a felony committed against "a person under 12 years of age at the time of the offense." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)(i) (now Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(4)(i)).) The defendants in the three causes consolidated here were convicted of aggravated felonies having as one of their elements the involvement of a minor under the age of 13. In all three cases the victims were less than 12 years old at the time of the offenses, and the defendants were sentenced to extended terms of imprisonment pursuant to section 5—5—3.2(b)(3)(i). Reflect-

ing a divergence of authority on the question whether an extended term of imprisonment is available in those circumstances, different districts of the appellate court affirmed the extended-term sentences in two of the cases but vacated the sentence in the third.

The legislature has broad authority to define offenses and prescribe penalties. (See *People v. Coleman* (1986), 111 Ill. 2d 87, 96; *People v. La Pointe* (1981), 88 Ill. 2d 482, 500.) "The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature, and that inquiry appropriately begins with the language of the statute. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40.)" (*Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492.) " 'There is no rule of [statutory] construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports' (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350), and it is not a court's function to ' "read into a statute exceptions, limitations, or conditions which depart from its plain meaning" ' (*In re Estate of Swiecicki* (1985), 106 Ill. 2d 111, 120, quoting *Belfield v. Coop* (1956), 8 Ill. 2d 293, 307)." (*People v. Hare* (1988), 119 Ill. 2d 441, 447.) Thus, in the absence of ambiguity or constitutional invalidity, we should enforce, as enacted, the sentencing provision at issue here, which authorizes imposition of an enhanced penalty on the basis of a circumstance also constituting an element of the defendant's aggravated offense. See *Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 373-74.

Unlike the majority, I find no ambiguity in the enhancement clause of section 5—5—3.2(b)(3)(i) of the Unified Code of Corrections or in the statutes defining the defendants' offenses. In those provisions the legislature has expressed plainly its intention that the youthfulness of a crime victim may constitute an element of the particular offenses and may also serve as the basis for imposing an extended term

sentence on an offender. We therefore should enforce the legislature's mandate. The clear statutory language authorizing imposition of extended-term sentences in these circumstances distinguishes the present cases from our previous decisions in which we have determined that a sentence was improperly based on an element inherent in the offense. See *People v. White* (1986), 114 Ill. 2d 61; *People v. Conover* (1981), 84 Ill. 2d 400.

One additional indication of legislative intent in this regard is the legislature's use of different ages as conditions of enhancement in the various provisions relevant here. The common aggravating element in the defendants' offenses is the involvement of a victim under the age of 13. (See Ill. Rev. Stat. 1985, ch. 38, pars. 10—2(a)(2) (aggravated kidnapping), 12—14(b)(1) (aggravated criminal sexual assault), 12—16(c)(1) (aggravated criminal sexual abuse).) An extended-term sentence, however, may be imposed pursuant to section 5—5—3.2(b)(3)(i) of the Unified Code of Corrections if the victim was under the age of 12 at the time of the offense. Clearly, the legislature contemplated that an extended term of imprisonment would be available for some, but not all, persons guilty of the aggravated offenses at issue here. (See *People v. Phillips* (1987), 159 Ill. App. 3d 483, 492.) The majority's contrary holding thwarts the legislative scheme.

The defendants point to no language in the relevant provisions suggesting that the legislature intended to preclude imposition of extended-term sentences in these circumstances, nor do the defendants make any claim that section 5—5—3.2(b)(3)(i) is unconstitutional on its face or in its application to them. Therefore, I would conclude that the three defendants were properly sentenced to extended terms of imprisonment, and I would dispose of the appeals accordingly.