THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID W. PHILLIPS, Defendant-Appellant.

Third District   No. 3—90—0655

Opinion filed August 14, 1991.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

A jury convicted the defendant, David W. Phillips, of aggravated kidnapping and aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, pars. 10—2, 12—14). After a hearing, he was sentenced to concurrent extended terms of 25 and 40 years, respectively. He appealed the sentences, and we reduced the extended-term sentence for aggravated kidnapping to a 15-year nonextended term of imprisonment and affirmed the 40-year term.

Phillips subsequently filed a post-conviction petition based on *People v. Ferguson* (1989), 132 Ill. 2d 86, 547 N.E.2d 429, which held that a factor implicit in an offense, such as the age of the victim, cannot be used as an aggravating factor in sentencing. The petition was allowed and a new sentencing hearing was held, following which the trial court imposed an extended-term sentence of 36 years for the aggravated criminal sexual assault. Phillips now appeals this sentence.

Phillips first contends that the extended-term sentence was not warranted because he did not act in an exceptionally brutal and heinous manner as the trial court found. We disagree.

A summary of the evidence introduced at trial and at the first sentencing hearing can be found in our opinion issued in the first appeal. (*People v. Phillips* (1987), 159 Ill. App. 3d 483, 511 N.E.2d 1193.) A brief review of that evidence follows.

Phillips, an acquaintance of the victim's mother, went to the victim's home around midnight on the evening in question. After speaking with the mother on the front porch for a short time, he asked to use the bathroom. Phillips entered the residence and removed the sleeping 2½-year-old victim from the couch, exiting out the back door. He returned to the home, spoke with the mother for a few moments, and left. About 5 to 10 minutes later, the mother discovered her daughter was missing and called the police. Volunteers were gathered,

and a massive search for the victim ensued. Phillips, who had driven away with the victim in his car, disrobed and anally raped the 2½-year-old child. He then deposited her near a road at 3 a.m. and sped away. The victim was naked and crying.

An examination revealed redness around the vaginal and anal areas. The inner portion of the anal area was grossly enlarged and seminal material was obtained from a rectal swab. The day following the incident, the victim would not eat, play, or smile. She complained of pain and would not sit in her bath. The resentencing court was aware of the above-noted evidence.

A reviewing court considering the appropriateness of a sentence must give great weight to the judgment of the trial court and should not alter the sentence imposed unless the court abused its discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) The trial court may consider the nature and circumstances of the offense, including the nature and extent of each element of the offense as committed by the defendant. *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138.

■ The resentencing court did not abuse its discretion in finding that Phillips acted in a brutal and heinous manner. Phillips abducted a very young child from her mother's home in the middle of the night. Not only did he remove her clothes and sexually assault her, he left her naked by the side of a road at 3 a.m.

Additionally, we note that "any contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person" constitutes sexual penetration for purposes of the instant offense. (Ill. Rev. Stat. 1989, ch. 38, par. 12—12(f).) Clearly, the evidence of the victim's grossly enlarged anus and the seminal fluid that was found established that this was much more than slight contact. Indeed, this was contact of the most abhorrent kind with a very young child. In this case, the court's finding of brutal and heinous conduct to justify the imposition of an extended-term sentence upon Phillips was warranted. Therefore, the trial court did not err in imposing a 36-year extended term in the instant case.

■ Phillips also contends that the resentencing court erred by considering the victim's age as an aggravating factor when the victim's age was an element of the offense. We find Phillips' contention without merit.

All the trial court's remarks were made in the context of deciding whether an extended-term sentence should be imposed. A careful reading of the record reveals that the court clearly stated that it was

not considering the victim's age in determining whether to impose an extended term. Therefore, the trial court did not err in this regard.

Furthermore, it is well settled that a defendant cannot complain on appeal of an alleged error which was invited or acquiesced in by him below. (*People v. Gutierrez* (1987), 156 Ill. App. 3d 555, 509 N.E.2d 787.) Again, a thorough reading of the record reveals that the trial court's remarks concerning the victim's age were in response to defense counsel's argument at resentencing. Therefore, since defense counsel invited the court's remarks, the defendant should not now be heard to complain.

■ Finally, we note that in resentencing Phillips the court noted that his conduct made him eligible for an extended-term sentence and found that the conduct supported the original 40-year sentence. The court then considered in mitigation Phillips' progress in prison and his drug and alcohol therapy, and reduced the initial sentence by four years to a 36-year extended term. Considering all these circumstances, we cannot say that the trial court abused its discretion in resentencing Phillips.

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

STOUDER, P.J., and McCUSKEY, J., concur.