NOTICE

Decision filed 03/22/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190366-U

NO. 5-19-0366

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 18-CF-447 |
| | ) | |
| DANIEL HAMILTON, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: The defendant's sentence is affirmed where the defendant failed to establish that the trial court considered an improper factor in its sentencing of the defendant to 4½ years in the Illinois Department of Corrections for threatening a public official and to time served for criminal trespass to real property.

¶ 2    Following a bench trial, the defendant was convicted of threatening a public official (720 ILCS 5/12-9(a) (West 2018)), a Class 2 felony, and criminal trespass to real property (*id.* § 21-3(a)(3)), a Class B misdemeanor. The trial court sentenced the defendant to 4½ years in the Department of Corrections on the charge of threatening a public official and time served (272 days in the county jail) on the trespass charge. On appeal, the defendant argues that "serious" harm is inherent in the offense of threatening a public official and, thus, the trial court based its sentence

1

on an improper aggravating factor. He argues his sentence should be vacated and the cause remanded for a new sentencing hearing. For the following reasons, we affirm.

¶ 3                  I. BACKGROUND

¶ 4                  A. The Information

¶ 5     On October 29, 2018, the defendant was charged, by information, with one count of threatening a public official, a Class 2 felony, for knowingly and directly communicating a threat to Brandon Kittle, a peace officer, which placed Officer Kittle in reasonable apprehension of future bodily harm, in that the defendant told the officer that he would kill him and his family and that he would "snipe" the officer, in violation of section 12-9 of the Criminal Code of 2012 (Code) (*id.* § 12-9). The defendant was also charged with one count of criminal trespass to real property, a Class B misdemeanor, in that he knowingly remained upon the land of the Main Street Laundry, located at 519 East Main Street, Carbondale, Illinois, after receiving notice to depart from the laundromat, in violation of section 21-3(a)(3) of the Code (*id.* § 21-3(a)(3)).

¶ 6                  B. Facts

¶ 7     The defendant does not dispute the facts adduced at trial. On October 27, 2018, Carbondale Police Officers Brandon Kittle and Brett Garden were dispatched to the Main Street Laundry in Carbondale, Illinois. Upon arrival, the officers spoke with the laundromat attendant, Carol Robbins. Ms. Robbins wanted two individuals removed from the premises, one of whom was the defendant. The other individual willingly left the premises shortly after the police asked him to do so; however, the defendant remained. Ms. Robbins completed a ban notice, banning the defendant from the premises. After the officers presented him with the ban notice, the defendant continued to refuse to leave the laundromat property and was arrested. After being placed in Officer Kittle's squad car, the defendant began to threaten Officer Kittle, telling him he was going to "snipe" him.

Officer Kittle took this to mean that defendant would shoot him. The defendant continued to threaten Officer Kittle during his transport to the county jail, stating, *inter alia*, he would shoot Officer Kittle from a nearby rooftop while he sat at the kitchen table with his family. The defendant also made multiple threats against Officer Kittle's family, telling him that "no one" was off limits. Officer Kittle took these threats seriously.

¶ 8    On January 30, 2019, at the defendant's request, the trial court participated in plea discussions, pursuant to Illinois Supreme Court Rule 402(d)(1) (eff. July 1, 2012). The defendant was present with his court-appointed attorney. The State offered the defendant a term of three years' imprisonment in the Illinois Department of Corrections in exchange for his plea of guilty. Rather than accepting the State's plea offer or entering an open plea, the defendant indicated he wished to proceed to bench trial. Thereafter, the defendant opted to represent himself and defense counsel was discharged.

¶ 9    On February 6, 2019, the case proceeded to a bench trial. After the presentation of evidence, the court found the defendant guilty of both threatening a public official and criminal trespass to real property. The defendant then requested appointment of counsel for the sentencing phase and the filing of any postjudgment motions. The court thereafter appointed counsel for such purposes.

¶ 10    On the day of sentencing, July 25, 2019, the defendant presented two *pro se* posttrial motions—one seeking a new trial and the other titled "motion to correct the five bad plain constitutional bench trial errors." The trial court asked the defendant if he wished to proceed *pro se* on these motions. The defendant answered in the affirmative. After admonishing the defendant, the court allowed him to proceed on the *pro se* motions. The court thereafter denied both motions and the case continued to sentencing.

¶ 11    The trial court noted it had reviewed and considered the contents of the presentence investigation report. It further noted that it had considered the following factors in aggravation: prior delinquency and criminal activity, deterrence to others, and conduct causing or threatening serious harm. The court also stated it considered the State's suggestion of an appropriate sentence. The court acknowledged all of the factors the defendant argued in mitigation, the evidence adduced at trial, the role substances may have played in the incident, the defendant's statement in allocution, and the costs of incarceration. The court then sentenced the defendant to 4½ years' imprisonment in the Illinois Department of Corrections on count I and time served on count II.

¶ 12    The defendant did not file a postsentencing motion to reconsider. The defendant has now appealed.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, the defendant argues that the trial court based its sentencing decision on an improper factor when it considered the aggravating factor of "serious harm." He avers this consideration violated the double enhancement rule as "serious harm" is a factor inherent in the offense of threatening a public official.

¶ 15    In this case, the defendant did not contemporaneously object or file a postsentencing motion raising his allegation that the trial court considered an improper factor at sentencing. Claims not raised in the trial court are forfeited. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Hence, his claim is forfeited. However, forfeiture is a limitation on the parties, not the reviewing court, and the court may excuse forfeiture to prevent an unjust result. *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65.

¶ 16    This claim of error can be reviewed if the defendant has established plain error. See Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). The plain-error doctrine is a narrow and limited exception. *People*

*v. Bannister*, 232 Ill. 2d 52, 65 (2008). "To obtain relief under this rule, a defendant must first show that a clear or obvious error occurred." *People v. Hillier*, 237 Ill. 2d 539, 545 (2010) (citing *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007)). "In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Id*. A defendant has the burden of persuasion under both prongs of the plain-error doctrine. *People v. Naylor*, 229 Ill. 2d 584, 593 (2008); *People v. Herron*, 215 Ill. 2d 167, 187 (2005). If a defendant fails to meet that burden, his procedural default will be honored. *Hillier*, 237 Ill. 2d at 545.

¶ 17     To establish a clear or obvious error occurred in this case, the defendant must show that "serious" harm is inherent in the offense of threatening a public official. For the following reasons, we find that no such error has occurred.

¶ 18     "There is a general prohibition against the use of a single factor both as an element of a defendant's crime *and* as an aggravating factor justifying the imposition of a harsher sentence than might otherwise have been imposed." (Emphasis in original.) *People v. Gonzalez*, 151 Ill. 2d 79, 83-84 (1992). "Such dual use of a single factor is sometimes referred to as a 'double enhancement.' " *Id*. at 84. "The prohibition against double enhancements is based on the assumption that, in designating the appropriate range of punishment for a criminal offense, the legislature necessarily considered the factors inherent in the offense." *People v. Phelps*, 211 Ill. 2d 1, 12 (2004).

¶ 19     Section 12-9 of the Code in pertinent part provides:

> "(a) A person commits threatening a public official *** when:
>
> (1) that person knowingly delivers or conveys, directly or indirectly, to a public official *** by any means a communication:

(i) containing a threat that would place the public official ***

or a member of his or her immediate family in reasonable

apprehension of immediate or future bodily harm, sexual assault,

confinement, or restraint[.]" 720 ILCS 5/12-9(a)(1)(i) (West 2018).

¶ 20   The defendant relies on *People v. White*, 114 Ill. 2d 61 (1986), and *People v. Ferguson*, 132 Ill. 2d 86 (1989), in support of his position. His reliance, however, is misplaced.

¶ 21   In *White*, the defendant was convicted of aggravated battery of a child. *White*, 114 Ill. 2d at 63. An element of that offense is that the victim must be under the age of 13. *Id.* at 65. Our supreme court found a double enhancement occurred when the court considered the aggravating factor of the youthfulness of the victim (under 12) at sentencing. *Id.* at 66. It further held that the age of the victim could not be considered as a factor in aggravation when the age of the victim is also an element of the crime. *Id.* The *White* court held the conviction for aggravated battery of a child less than age 13 already contemplated punishment based on the age of the victim. *Id.*

¶ 22   Similarly, in *Ferguson*, in a consolidated appeal, all the defendants were charged with crimes against victims under the age of 13 (*i.e.*, aggravated criminal sexual assault, aggravated criminal sexual abuse, and aggravated kidnapping). *Ferguson*, 132 Ill. 2d at 95. The supreme court again held that the youthful age of the victim could not be a basis for both defining the penalty for the underlying offense and also the basis for aggravating the sentence. *Id.* at 98.

¶ 23   Unlike *White* and *Ferguson*, in this case there is no specific element set forth in the statute of "serious harm"; only "harm" is required for the offense of threatening a public official. See 720 ILCS 5/12-9(a)(1)(i) (West 2018). "Courts should not read language into a statute that does not exist." *Lohr v. Havens*, 377 Ill. App. 3d 233, 236 (2007).

6

¶ 24    More on point to the case now before us is our decision in *People v. Hileman*, 2020 IL App (5th) 170481. In *Hileman*, this court was tasked with determining whether a threat of "serious harm" was inherent in the offense of aggravated assault. *Id.* ¶ 47. This court rejected the defendant's argument that a threat of serious harm is inherent in the offense of aggravated assault as it was charged. *Id.* ¶ 49. We reasoned that although assault is defined as "conduct which places another in reasonable apprehension of receiving a battery" (720 ILCS 5/12-1(a) (West 2014)), which involves a threat of harm, it did not require proof of a threat of "serious harm." *Id.*

¶ 25    Similar to *Hileman*, here only a threat of harm must be proven as an element of threatening a public official. The legislature enumerates other possible threats (*i.e.*, sexual assault, confinement, restraint) in addition to "bodily harm." See 720 ILCS 5/12-9(a)(1)(i) (West 2018). It did not, however, include the word "serious" when speaking of harm. As written, one could be charged with the offense of threatening a public official if he were to threaten harm as innocuous as a push or a shove, or as serious as a threat of murder. If the legislature wanted to include "serious" harm as an element, it most certainly could have done so. "Anything and everything beyond the minimum conduct necessary for the defendant to be found to have engaged in criminal behavior is entirely appropriate for a sentencing court to consider." *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 71. Due to the foregoing, we find that "serious" harm is not inherent in the offense of threatening a public official and the trial court's reliance of it as an aggravating factor was not improper.

¶ 26    Because we find that "serious" harm is not an inherent factor in the offense of threatening a public official, the trial court did not commit any clear or obvious error. Thus, there cannot be plain error, and the defendant's procedural default is not excused.

¶ 27                                        III. CONCLUSION

¶ 28    For the foregoing reasons, the trial court is affirmed.


¶ 29    Affirmed.