THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEVEN EMBRY, Defendant-Appellant.

Third District   No. 3—88—0127

Opinion filed February 28, 1989.—Modified opinion filed
April 13, 1989.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Steven Embry, pled guilty to aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—14) and was sentenced to 24 years in prison. He appeals, arguing that the cause must be remanded for a new sentencing hearing because the court relied on two erroneous aggravating factors in imposing his sentence. Specifically, he contends that the sentencing judge mistakenly believed that the defendant was eligible for an extended-term sentence and that the judge erroneously relied on unfounded speculation concerning the defendant's prior conviction for burglary in the State of Washington.

■ The State argues that the defendant has waived any alleged errors in sentencing, because he failed to object and bring the alleged errors to the sentencing court's attention. Having reviewed the record, we choose to consider the issues as plain error under Supreme Court Rule 615(a) (107 Ill. 2d R. 615(a)).

■ A trial judge's decisions with regard to sentencing must be accorded great deference and weight. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Where it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required; but where the reviewing court is unable to determine the weight given to the improperly con-

sidered factor, the cause must be remanded. *People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.

■■ Aggravated criminal sexual assault is a Class X felony (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(c)) punishable by a term of imprisonment of between 6 and 30 years (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(3)). If the sentencing court finds present any of the aggravating factors set forth in section 5—5—3.2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)), it may impose an extended-term sentence. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2.) One aggravating factor listed in section 5—5—3.2 is that the victim was 60 years of age or older. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(4)(ii).) However, an element of the offense charged cannot be considered as an aggravating factor in sentencing the defendant. *People v. White* (1986), 114 Ill. 2d 61, 499 N.E.2d 467.

■■ In the instant case, the sentencing court stated that the defendant was eligible for an extended-term sentence because the victim was over the age of 60. We note, however, that the defendant was charged with aggravated criminal sexual assault because his victim was over the age of 60. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(a)(5).) Accordingly, the sentencing court erred in considering in aggravation that the defendant was eligible for an extended-term sentence based on the victim's age.

■■ The sentencing court also erred in considering unfounded speculation concerning a previous crime committed by the defendant. The presentence investigation report contained a letter from Brian M. Forbes of the Washington State Department of Corrections. This letter accompanied the police reports involving the defendant's previous burglary of the home of an elderly woman in Longview, Washington. Mr. Forbes believed, because of the similarities between the Longview incident and the present case, that the defendant in the Longview case had intentions which went beyond committing a standard burglary.

In setting forth its reasons for the 24-year sentence, the instant court stated:

> "One of the offenses that is most recent in the State of Washington in August of '86 could have potentially led to the same situation to which he pled guilty. A woman living alone in a residence at the age of 76 years. Fortunately she heard the noise and saw the Defendant and decided to get out of the residence and called the police.
>
> Within a few minutes, the Defendant was apprehended and

identified by the potential victim who perhaps, but for the fact she was alerted, she may have been the subject of a criminal sexual assault."

■ In determining the appropriate sentence to impose, hearsay information relating to prior convictions may be considered. (*People v. Dennis* (1970), 47 Ill. 2d 120, 265 N.E.2d 385.) The sentencing court is not bound by rigid adherence to the rules of evidence; however, the court's search for facts which tend to aggravate or mitigate the offense must be within reasonable bounds. *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9.

In the Longview case, when the elderly woman noticed the defendant trying to enter her home, she immediately left the residence and notified the police. The defendant was apprehended shortly thereafter. Nothing in the police reports showed that the defendant contemplated, threatened or attempted to sexually assault the elderly woman. Prior to the present case, the defendant had no history of committing violent crimes. Speculation as to what might have occurred in the Longview incident was clearly outside the reasonable bounds of consideration when it came to sentencing the defendant in the present case.

■ We cannot determine the weight given to either of these improperly considered factors. The cause must therefore be remanded for resentencing.

The judgment of the circuit court of Will County convicting the defendant of aggravated criminal sexual assault is affirmed. The defendant's sentence of 24 years in prison is vacated and the cause remanded for a new sentencing hearing.

Affirmed in part; vacated in part and remanded.

STOUDER and BARRY, JJ., concur.