THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY NEITHER *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 1—89—2602, 1—89—2603 cons.

Opinion filed May 28, 1992.

Randolph N. Stone, Public Defender, of Chicago, and Greg Kostner and Dean P. Karlos, of counsel, of Chicago, for appellants.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Veronica X. Calderon, and Roseanne McDonnell, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion to the court:

In this consolidated appeal, defendants Anthony Neither and Assad Muhammad challenge the lengthy sentences of imprisonment that the trial court imposed after they pleaded guilty to four robberies, two aggravated batteries, and possession of a stolen motor vehicle. They argue that their guilty pleas should be vacated because the trial court failed to give proper admonishments and committed other errors in imposing sentence. Defendant Muhammad also contends that his trial attorney provided him with ineffective assistance of counsel.

We affirm entry of conviction on the guilty pleas but reduce both defendants' sentences from 71 years to 15 years.

BACKGROUND

Over an 11-day period in March 1989 defendants committed a series of purse snatchings, two of which caused injuries to the elderly victims. They were arrested and charged with the robberies, plus two counts of aggravated battery and one count of possession of a stolen vehicle.

Defendants agreed to enter "blind" pleas of guilty, or pleas without negotiated sentencing considerations. The same lawyer represented both defendants. The trial court reviewed the factual bases of the pleas and admonished defendants of the rights they were waiving and apprised them of the minimum and maximum sentences available for the crimes. The court initially imposed prison terms of 79 years for each defendant, but later reduced the terms to 71 years. The court denied defense motions to vacate the pleas of guilty.

In the first criminal incident, an 81-year-old woman with a cane was walking in the parking lot of a shopping mall on March 10, 1989. Frances Pierres testified that a man (Muhammad) pulled her purse away, knocking her to the ground, and fled. She hurt her hip and knees in the fall but refused transportation to the hospital. Defendants admitted their involvement, saying that they were looking for people, the older the better, to steal from. Neither slid behind the wheel of the car while Muhammad approached the woman and

grabbed her purse. Bonds stolen from her purse were later returned to her. The trial court imposed an extended term of 18 years for Class 1 robbery and an extended term of seven years for aggravated battery, to run concurrent with each other but consecutive to all other sentences.

The victim of the second robbery was a 57-year-old woman, Jeanne VanHeel, who was walking for exercise on March 13, 1989. When she heard running footsteps behind her, she moved to one side to let the person pass. Then she felt someone push her shoulder and grab for her purse. After a struggle, a man (Muhammad) got the purse and ran. VanHeel testified that she no longer takes walks because of her fear from the incident. Defendants admitted this offense. They said the purse contained no money and they discarded it. The court imposed a six-year term on Class 2 robbery, to run consecutive to all other sentences.

On March 20, 1989, 81-year-old Velma Pierson was walking to a church for a meeting when she heard running footsteps behind her. Before she could react her purse was taken by a man she later identified as Muhammad. She testified that her purse contained valuables and she did not get anything back. Defendants admitted to this offense and said they found $55 inside, which they split. The court imposed a 15-year, maximum unextended term for Class 1 robbery, to run consecutive to all others.

The fourth and worst robbery occurred on March 21, 1989, to Lola Mussen, who was 89 years old and who walked with the help of a cane. She was walking in Park Forest when a man (Muhammad) grabbed her purse. When she struggled, he punched her in the face, knocking her to the ground. Paramedics found her lying in a pool of blood. She sustained blackening and bruising around her eyes, and an examination revealed fractures in the bony structure around her eyes. Blood was coming out of her left ear, nose, and mouth. As a result of her injuries, she was hospitalized for eight days and underwent rehabilitation and nursing. Her granddaughter testified that Mussen became depressed and no longer drives her car, cooks, or cleans her house. For this, the court imposed a maximum, extended term of 30 years for Class 1 robbery and 10 years extended term for aggravated battery, to run consecutive to each other and to all others.

Defendant Neither was apprehended on March 29, 1989, driving a stolen automobile. After the two defendants were arrested they gave statements to the police, admitting the offenses. For possession of a stolen vehicle, the court imposed a three-year sentence, to run concurrent with the other sentences.

At the sentencing hearing the State offered in aggravation five additional misdemeanor purse-snatching offenses committed three months before, for which they had been sentenced to 21 days in prison. Officers testified that the two admitted their guilt and expressed no remorse. In mitigation, Neither presented the testimony of his mother and two neighbors. All three testified regarding Neither's positive involvement with the children in the community and his help to his mother in caring for disabled twin children whom she has brought into the home. Family troubles were aggravated by Neither's stepfather, who mistreated and beat him. The stepfather later separated from Neither's mother, causing great financial difficulties, including the loss of their home.

For Muhammad, his mother and other witnesses testified in mitigation. Muhammad's parents were divorced. Several witnesses expressed shock at the news of his arrest and said he was a quiet and gentle person.

The trial court stated that it would not consider the misdemeanor convictions in imposing sentence. The court then sentenced both defendants to 79 years. After a motion to vacate the pleas of guilty, which was denied, the court acknowledged error in imposing extended terms on the two aggravated battery convictions because they were not within the most serious class of offenses. The court therefore reduced the aggravated battery sentences to two years each, and reduced the total sentences to 71 years.

OPINION

Both defendants strongly challenge the sentences imposed as being grossly excessive. They also argue that their guilty pleas should have been vacated because the trial court improperly admonished them regarding possible sentences and also expressed prejudice that tainted the sentencing process. Because we agree that the sentences imposed must be reduced, we find it unnecessary to vacate the guilty pleas or consider the issue raised with respect to the sufficiency of the sentencing admonishments.

■ The image of the young and strong preying on the old and weak is abhorrent. The same act of robbery can have a measurably harsher impact on an elderly or handicapped victim than on a stronger and younger victim. The legislature, in fact, has enhanced robbery from a Class 2 felony to a Class 1 felony when the victim is 60 years old or over, or physically handicapped. (Ill. Rev. Stat. 1987, ch. 38, par. 18—1(b).) In the pending case, three of the four robbery victims were substantially over the age of 60, and two walked with

the help of a cane. One was knocked down but refused medical treatment and one was seriously hurt from being struck in the face and left lying in her own blood. The robberies were carried out for defendants' personal gain and with a callous lack of concern for the frailty of the victims. While the violence was incident to the goal of theft, Lola Mussen in particular was severely traumatized by the brutal force applied to her. Accordingly, the term "purse snatching" seems an almost light-hearted term for a crime that, in the case of elderly victims, can have a devastating impact on the rest of their lives.

Notwithstanding our repugnance toward the criminal acts committed in the pending case, we think it obvious that prison terms totalling 71 years are excessive. Even in cases where a defendant is found guilty of deliberate murder, courts generally impose substantially lower terms. For example, in *People v. Brown* (1991), 222 Ill. App. 3d 703, 584 N.E.2d 355, *appeal denied* (1992), 144 Ill. 2d 636, the defendant lay in wait outside the building the victim was in and shot the victim five times in the head and chest as he was leaving. The defendant was sentenced to 40 years in prison. See also *People v. Buckner* (1990), 203 Ill. App. 3d 525, 561 N.E.2d 335, *appeal denied* (1991), 136 Ill. 2d 547, 567 N.E.2d 335 (40-year term for first degree murder of wife by infliction of multiple stab wounds); *People v. Urioste* (1990), 203 Ill. App. 3d 1062, 561 N.E.2d 471, *appeal denied* (1991), 136 Ill. 2d 553, 567 N.E.2d 340 (40 years for stabbing murder which guilty but mentally ill defendant committed as part of home invasion and attempted aggravated criminal sexual assault).

Although the trial court is vested with broad discretion in fashioning sentences, reviewing courts must also review sentences in a meaningful manner. (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—4.3 (which provides that the Illinois Department of Corrections must compile and publish annually a statistical analysis of all prison terms imposed and sentences served, to be "made available to trial and appellate court judges for their use in imposing or reviewing sentences").) The sentencing data are grouped by classification of crime and other criteria. According to the Illinois Department of Corrections 1988 Statistical Presentation (IDOC Report) that was published under this provision, during the six-year period from 1983 to 1988, Class 1 felonies carried average prison terms of slightly over six years. (See IDOC Report, Table 16, at 57.) The shortest sentences imposed were four years and the longest were 15 years. See also *People v. Anderson* (1985), 142 Ill. App. 3d 240, 488 N.E.2d 557 (reducing defendant's sentence for residential burglary from 17 years to 6, even though extended term was based on the fact that the burglars crashed in on a

63-year-old blind woman and her 10-year-old son); *People v. Milton* (1989), 182 Ill. App. 3d 1082, 538 N.E.2d 1227, *appeal denied* (1989), 127 Ill. 2d 631, 545 N.E.2d 123 (reducing a 30-year prison term for burglary to 12 years because of defendant's youth, lack of prior convictions, and the fact the victim was uninjured); *People v. Harris* (1989), 187 Ill. App. 3d 832, 543 N.E.2d 859 (reducing 25-year term on Class X aggravated sexual assault to six-year mandatory minimum).

We conclude that the aggregate term of 71 years is excessive. Defendants are young men who did not have substantial criminal records. They did not carry guns or knives. Such extreme punishment is disproportionate to the offenses.

■ A minimum sentence would be inappropriate in this case, however, as defendants did commit four separate purse snatchings, one of which left a victim badly injured. We are especially concerned that the last victim was the subject of what could be viewed as an escalation of violence. That violence could have led to her death. The seriousness of this conduct deserves a substantial penalty. The minimum prison term for a Class 1 felony is four years, the maximum 15. We believe that the maximum sentence is justified by the aggravating factors of the harm to the victims and defendants' repeated course of conduct. Although defendants were unarmed, they relied on their superior physical strength to overpower their victims, all women of advanced years. The crimes were predatory in nature, the planned result of picking victims least likely to put up a struggle.

Whether an extended term is proper, however, is another question. The offense of robbery is a Class 2 felony with a sentencing range of three to seven years. (Ill. Rev. Stat. 1987, ch. 38, pars. 18—1(b), 1005—8—1(5).) When a robbery is committed against a victim aged 60 or over, however, the legislature determined that the crime should be upgraded to a Class 1 felony, which carries a range of 4 to 15 years. (Ill. Rev. Stat. 1987, ch. 38, pars. 18—1(b), 1005—8—1(4).) In this case, three of the convictions were for Class 1 robberies because of the ages of the victim. We have determined that the maximum sentence of 15 years is justified, in the case of Lola Mussen, because of the degree of harm inflicted, the need for deterrence, and the pattern of conduct that prevents our viewing each incident in isolation. These are proper aggravating factors under section 5—5—3.2(a) of the Unified Code of Corrections. Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(a).

To extend the sentence imposed on a Class 1 felony, up to 30 years, the trial court would be required to find the presence of such

factors in aggravation as are listed in section 5—5—3.2(b), which include the age of the victim (under 12 or 60 or over), whether the victim is physically handicapped, and whether the offense is accompanied by "exceptionally brutal or heinous behavior indicative of wanton cruelty." Ill. Rev. Stat. 1987, ch. 38, pars. 1005—5—3.2(b)(2), (b)(4).

The trial court apparently imposed extended sentences based on the fact that the age and reduced physical ability of the victims made the crimes exceptionally brutal and heinous. We do not agree, however, that the type of conduct here was indicative of a brutal desire to inflict gratuitous pain or to torture the victims. Instead, defendants exhibited a callous disregard for the victims whose age and weakened conditions made them attractive prey and, incidentally, created a greater likelihood of serious physical injury. The legislature undoubtedly took this into account in determining that the substantive offense of robbery is more serious if the victim is of advanced years or suffers a physical handicap (that might well be an age-related handicap).

In *People v. Ferguson* (1989), 132 Ill. 2d 86, 97, 547 N.E.2d 429, the Illinois Supreme Court ruled that if an offense is already enhanced based on the victim's age, an additional penalty based on the victim's age is improper, unless there is a clear legislative intent to accomplish that result. (See also *People v. White* (1986), 114 Ill. 2d 61, 66, 499 N.E.2d 467 (general fact that victim is under 13 years should not be considered in aggravation of sentencing when offense charged is aggravated battery of a child, since age of child is necessary element of the aggravated battery); *People v. Embry* (1989), 179 Ill. App. 3d 1059, 535 N.E.2d 87 (defendant's 24-year sentence for aggravated criminal sexual assault vacated because the trial court had considered the elderly victim's age, a substantive element of the Class X offense, as an aggravating factor in the sentencing determination).) Significantly, the *Embry* court held that the sentence was improper even though it was within the 30-year range permissible for Class X offenses, because the age factor had already enhanced the severity of the sexual assault from a Class 1 to a Class X crime.

We conclude that the trial court erred in imposing the maximum, extended term in the case of Mussen, to 30 years. Similarly, the 18-year extended term for Pierres' robbery is improper. We therefore vacate the extended terms in those two cases.

■ The State nonetheless attempts to justify the extended terms as being appropriate because the older and more helpless and weak a victim is, the "greater the degree of heinousness." We cannot agree. Extended terms based on extreme brutality and heinous actions focus on the defendant's conduct. Other sections of the extended-term stat-

ute focus on the victim's age or physical handicap. We have concluded that the victims' ages and reduced ability to protect themselves were elements of the grade of offense. The degree of harm, which in part relates to their age and frailty, has also been considered in aggravation of sentencing within the unextended range. In this case, the substantive crimes of robbery would have carried a maximum of seven years if the victims were not over 60 years old. Since three of the victims were older, the sentencing range increased to a maximum of 15, more than double. Had no injury occurred at all, the mere fact that the victim was over 60 would not be a sufficient aggravating factor to impose the maximum 15-year term. In the case of Mussen, however, the maximum term is justified because of the degree of harm she sustained. (See, *e.g., People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138 (degree of harm may be considered as an aggravating factor even when harm is implicit in the offense).) Harm is potential in the crime of robbery, which requires a taking of property belonging to another by force or threat of imminent use of force. Ill. Rev. Stat. 1987, ch. 38, par. 18—1(a).

We do not find that this case falls into the category of exceptionally brutal or heinous conduct, so as to warrant an extended term. In a recent case involving a cruel and terrifying sexual assault, the reviewing court upheld the 20-year term, which was within the 30-year, *unextended* maximum sentence possible for the Class X offense. (*People v. Coleman* (1991), 222 Ill. App. 3d 614, 584 N.E.2d 330, *appeal denied* (1992), 144 Ill. 2d 637.) In that case the victim was held down by two men while one pulled off her necklace and tried to choke her. He ripped her earrings out of her earlobes, tearing them. He and his codefendant threw her in the trunk of their car, smashing the lid down on her hand and locking her inside. Then they drove to a lagoon, let her out of the trunk and one defendant held a metal object to her head while the other forced his penis into her mouth. They threw her into the lagoon when they heard someone coming.

Even where extended terms are justified, the sentences have not approached the length of the ones imposed in this case. In a case in which three men murdered a mentally handicapped man in order to rob him, the court imposed a 50-year, extended term because of the brutality and heinousness of the crime. (*People v. Hubbard* (1991), 222 Ill. App. 3d 605, 584 N.E.2d 285.) One hit him hard in the face with a bottle, another stabbed him in the back with an eight-inch butcher knife, and the other went through his pockets and recovered $10.

In the pending case, defendants did not surround and murder their victims to rob them. Instead, one stayed in the car while the

other ran up from behind and grabbed the purses. Defendants did not carry weapons. Their criminal history did not include any previous felonies. Their crimes were committed over an 11-day period before they were caught. While the trial court may have been concerned that their serial purse snatching was becoming a way of life, defendants' potential for rehabilitation should not be lightly cast aside. Therefore, we do not believe that the sentences imposed for each separate offense should run consecutively in this case. (But *cf. People v. Fritz* (1992), 255 Ill. App. 3d 624, 588 N.E.2d 307 (upholding trial court's imposition of three, consecutive terms of five years plus four concurrent terms of five years for seven different thefts over two-year-period).) The stacking of maximum, extended terms on top of each other creates an almost impossible barrier to any chance for these young men to return to a productive life. Under the Illinois Constitution, "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11.

For the reasons set forth herein, we affirm the convictions based on the guilty pleas, but modify the sentences as follows: We vacate the extended term imposed in the Mussen case and reduce the sentence from 30 to 15 years. We further vacate the extended-term imposed in the Pierres case and reduce the 18-year sentence to 10 years. The other two robberies did not involve physical injury. The sentence for the Class 1 robbery committed against Pierson will be reduced from 15 years to 6 years. We reduce the six-year sentence in the VanHeel (Class 2) robbery to four years, and we affirm the three-year sentence for the possession of a stolen motor vehicle. All sentences are to run concurrently.

Affirmed as modified.

JIGANTI, P.J., and JOHNSON, J., concur.