NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 221113-U

NO. 4-22-1113

IN THE APPELLATE COURT

FILED
October 24, 2023
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| CLARENCE W. BOYCE, | ) | No. 20CF167 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Harris and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*: Section 24-1.1 of the Criminal Code of 2012 is constitutional under both
the United States and Illinois Constitutions, and the circuit court did not err in
sentencing defendant.

¶ 2    In July 2022, defendant, Clarence W. Boyce, pleaded guilty to one count of

unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)). At an August

2022 hearing, the Woodford County circuit court sentenced him to 5 1/2 years in prison.

Defendant filed a timely motion to reconsider his sentence, which the court denied.

¶ 3    Defendant appeals, contending (1) section 24-1.1 of the Criminal Code of 2012

(Criminal Code) (720 ILCS 5/24-1.1 (West 2020)) violates the second amendment of the United

States Constitution (U.S. Const., amend. II) on its face, (2) section 24-1.1 violates article I,

section 22 of the Illinois Constitution (Ill. Const. 1970, art. I, § 22), and (3) the circuit court erred

in determining defendant's sentence because it speculated as to defendant's conduct causing

serious harm in aggravation.  We affirm.

¶ 4                                    I. BACKGROUND

¶ 5            The indictment alleged, on November 21, 2020, defendant committed unlawful possession of a weapon by a felon by knowingly possessing a weapon, a .40-caliber Smith and Wesson pistol, and being a person convicted of a felony in McDonough County case No. 16-CF-22.  At a July 2022 hearing, defendant pleaded guilty to the charge.  The factual basis supporting the guilty plea was the following:

> "If called to testify, Officer Cole Mekley with the El Paso police department on November 21st, 2020, he would testify that he was working for El Paso on that date.  He was doing stationary patrol at the intersection of Route 24 and South Chestnut Street, El Paso, Woodford County, Illinois.  He saw a vehicle go by at a high rate of speed.  He used his handheld radar, locked the speed in of the vehicle at 52 miles per hour in a 35 mile per hour speed zone.
>
> He made a traffic stop, identified the sole occupant and driver of the vehicle as *** defendant.  He—the officer noted an odor of burnt cannabis coming from the vehicle.  When asked if there was any cannabis in the vehicle [defendant] stated there was not.  He did later state that he had smoked the cannabis in the vehicle the previous night.  A probable cause search based upon the odor of burnt cannabis was conducted.  At that time Deputy Brett Brown had arrived and assisted in the search.  In a bag in the vehicle directly behind the driver's seat was a loaded Smith and Wesson 40 caliber handgun.  There was a round in the chamber.
>
> Further evidence would show that the defendant has been convicted of a

felony in the Circuit Court of McDonough County, Illinois, under case number 16-CF-22."

¶ 6    On August 18, 2022, the circuit court held the sentencing hearing. In addition to the presentence investigation report, the State presented a certified copy of defendant's prior felony conviction and asked the court to take judicial notice of the bond proceedings in this case and defendant's failure to appear on January 19, 2021. The prosecutor recommended a 5 1/2 year prison term. Defendant made a statement in allocution expressing remorse, explaining his situation at the time of the crime, and noting his employment. Defendant also presented his employment documents including his powered industrial truck operator's license for a sit-down forklift. Defense counsel asked for a three-year prison term with a boot camp recommendation. In imposing a 5 1/2 year prison term, the court stated, *inter alia*, the following:

> "I do think, however, this is an exceptionally serious matter, and there is no—there is no reason that the court can contemplate, other than battery, why the defendant would have a gun, in this instance a loaded gun, in his car accessible to him. There is no good reason for that other than harm to others. It is just difficult to contemplate. So I do think it's exceptionally serious."

¶ 7    On September 7, 2022, defendant filed a motion to reconsider his sentence asserting his sentence should be reduced because (1) his criminal conduct did not cause nor threaten serious physical harm to another, (2) he did not contemplate his criminal conduct would cause or threaten serious physical harm to another, (3) he was employed at the time of sentencing, and (4) he was the main provider for his two children. In December 2022, defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) and an amended motion to reconsider. The amended motion added the following assertions:

(1) defendant had not previously participated in an impact incarceration program, (2) the Cook County case in defendant's criminal history had been dismissed, (3) he had no prior gun convictions, and (4) defendant's grandmother had six months to live. After a December 21, 2022, hearing, the circuit court denied defendant's motion to reconsider.

¶ 8        On December 27, 2022, defendant filed a timely notice of appeal in compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021). Accordingly, this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 9                                II. ANALYSIS

¶ 10                            A. Second Amendment

¶ 11        Defendant first argues the unlawful possession of a weapon by a felon statute violates the second amendment on its face pursuant to the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ___, ___, 142 S. Ct. 2111, 2122 (2022). The State disagrees.

¶ 12        Our supreme court has explained our review of a facial constitutional challenge as follows:

>        "The constitutionality of a statute is analyzed under well-settled principles. Statutes are presumed constitutional, and to rebut that presumption, the party challenging a statute's constitutionality has the burden of establishing a clear violation. [Citation.] A party raising a facial challenge to a statute faces a particularly heavy burden. [Citation.] A statute will be deemed facially unconstitutional only if there is no set of circumstances under which the statute would be valid. [Citation.] The particular facts related to the challenging party are irrelevant. [Citation.] If it is reasonably possible to construe the statute in a

- 4 -

way that preserves its constitutionality, we must do so." *People v. Bochenek*, 2021 IL 125889, ¶ 10, 183 N.E.3d 61.

¶ 13 The second amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. In *Bruen*, 597 U.S. at ___, 142 S. Ct. at 2126, the Supreme Court held, when regulating conduct presumptively covered by the second amendment, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." There, the Court struck down a New York firearm licensing regime which required individuals to demonstrate "some additional special need" to carry a handgun publicly for self-defense. *Bruen*, 597 U.S. at ___, 142 S. Ct. at 2122.

¶ 14 Recently, the First District of the Illinois Appellate Court addressed a defendant's claim section 24-1.1(a) of the Criminal Code (720 ILCS 5/24-1.1(a) (West 2018)) was unconstitutional under the second amendment as applied to him based on *Bruen*. *People v. Baker*, 2023 IL App (1st) 220328, ¶¶ 33, 37. The reviewing court rejected the defendant's claim because *Bruen* did not apply to him. *Baker*, 2023 IL App (1st) 220328, ¶ 37. It gave the following explanation:

> "The *Bruen* Court could not have been more clear that its newly announced test applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens,' and not felons like defendant. *Bruen*, 597 U.S. at ___, 142 S. Ct. at 2156 (the holding was limited to laws affecting 'law-abiding citizens'). Just in case a reader missed the first time that the court said it, the court repeated it 18 times. *Bruen*, 597 U.S. ___, 142 S. Ct. 2111 *passim* (the six justices in the majority repeated the phrase 'law-abiding' 18 times in their majority opinion and

- 5 -

their concurrences).  Further, Justice Kavanaugh in his concurrence quoted an earlier case that stated:  ' "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ***." ' *Bruen*, 597 U.S. at ___, 142 S. Ct. at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.) (quoting [*District of Columbia v.*] *Heller*, 554 U.S. [570,] 626-27 [(2008)]).  Justice Kavanaugh's concurrence was joined by Chief Justice Roberts, and they both joined the six-justice majority opinion.  Based on the plain, clear, and repeated language of the justices in the majority, defendant is simply outside the box drawn by *Bruen*."  *Baker*, 2023 IL App (1st) 220328, ¶ 37.

¶ 15        Defendant suggests we should not rely on the "law-abiding" language in *Bruen* as indicative that the decision does not apply to felons.  However, we do not find defendant's supporting authority persuasive and agree with our sister court.  Defendant cites the Seventh Circuit's decision in *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019), which was abrogated by the *Bruen* decision.  There, the Seventh Circuit simply declined to "read too much" into the Court's statement in *Heller*, which cautioned "that nothing in its decision 'should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons,' which it referred to as 'presumptively lawful.' "  *Kanter*, 919 F.3d at 445 (quoting *Heller*, 554 U.S. at 626-27 & 627 n.26).  However, the Court's language in *Bruen* supports the validity of its dictum in *Heller*.

¶ 16        Given the *Bruen* decision does not apply to felons, we find defendant has failed to show section 24-1.1 is unconstitutional on its face under that decision.

¶ 17                            B. Illinois Constitution

¶ 18        Defendant further asserts, even if section 24-1.1 is constitutional under the second amendment, it violates article I, section 22 of the Illinois Constitution on its face and as applied

to him because it provides greater protection than the second amendment.  That provision provides the following:  "Subject only to the police power, the right of the individual citizen to keep and bear arms shall not be infringed."  Ill. Const. 1970, art. I, § 22.  Our supreme court has recognized the aforementioned "section does not mirror the second amendment to the Federal Constitution (U.S. Const., amend. II); rather it adds the words '[s]ubject only to the police power,' omits prefatory language concerning the importance of a militia, and substitutes 'the individual citizen' for 'the people.' "  *Kalodimos v. Village of Morton Grove*, 103 Ill. 2d 483, 491, 470 N.E.2d 266, 269 (1984).  "Police power includes the power to regulate certain aspects of gun possession and ownership."  *People v. Robinson*, 2011 IL App (1st) 100078, ¶ 23, 964 N.E.2d 551 (citing *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010)).  In *McDonald*, 561 U.S. at 786, the Supreme Court reiterated its statement in *Heller* that its holding did not cast doubt on longstanding regulatory measures such as "prohibitions on the possession of firearms by felons."  (Internal quotation marks omitted.)  Although defendant cites *Kalodimos*, he makes no coherent argument why the police power to regulate gun possession does not permit regulating the possession of firearms by felons.  Accordingly, we find section 24-1.1 is a proper exercise of police power, and thus defendant has not shown that section violates the Illinois Constitution on its face or as applied to him.

¶ 19                                    C. Sentencing

¶ 20            Last, defendant argues he is entitled to a new sentencing hearing because the circuit court improperly speculated as to his conduct causing serious harm in aggravation.  The State disagrees.

¶ 21            The parties also disagree on the standard of review.  Defendant asserts the *de novo* standard of review applies.  See *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8, 973

- 7 -

N.E.2d 459 (addressing the allegation of consideration of an improper sentencing factor). The State contends the abuse of discretion standard is appropriate. See *People v. Schnoor*, 2019 IL App (4th) 170571, ¶ 99, 145 N.E.3d 544 (addressing an excessive sentence claim). We find the alleged error raised by defendant is essentially a claim the circuit court imposed an excessive sentence. See *People v. Johnson*, 2019 IL 122956, ¶ 39, 129 N.E.3d 1239 (noting the defendant raised an excessive sentence argument when the defendant claimed he would have received a lower sentence if the court had not erred in its application of the statute and, thus, erroneously considered statutory factors). With excessive sentence claims, this court has explained appellate review of a defendant's sentence as follows:

"A trial court's sentencing determination must be based on the particular circumstances of each case, including factors such as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. [Citations.] Generally, the trial court is in a better position than a court of review to determine an appropriate sentence based upon the particular facts and circumstances of each individual case. [Citation.] Thus, the trial court is the proper forum for the determination of a defendant's sentence, and the trial court's decisions in regard to sentencing are entitled to great deference and weight. [Citation.] Absent an abuse of discretion by the trial court, a sentence may not be altered upon review. [Citation.] If the sentence imposed is within the statutory range, it will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Price*, 2011 IL App (4th) 100311, ¶ 36, 958 N.E.2d 341.

See also *People v. Alexander*, 239 Ill. 2d 205, 212-13, 940 N.E.2d 1062, 1066 (2010). The sentencing range for unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)) is 2 to 10 years' imprisonment (720 ILCS 5/24-1.1(e) (West 2020)). Accordingly, we find the circuit court's 5 1/2 year sentence was within the statutory sentencing range.

¶ 22  A reviewing court does not view the sentencing judge's comments in isolation. *People v. Walker*, 2012 IL App (1st) 083655, ¶ 32, 973 N.E.2d 939. Defendant picks an isolated comment within the sentencing judge's comments about the seriousness of the circumstances of the offense. In this case, the factual basis at the plea hearing showed defendant possessed a firearm that was loaded and in a bag behind defendant's seat. As such, the manner in which defendant possessed the firearm was a serious matter as it threatened serious harm to others. The court's comment indicating it could not think of another reason why defendant would have a loaded gun other than to commit a battery is just a reflection on how serious those circumstances were. Thus, when viewed in context, the judge's comment was made in relation to the proper consideration of the circumstances of the offense.

¶ 23  This case is distinguishable from the cases cited by defendant. In *People v. Zapata*, 347 Ill. App. 3d 956, 966, 808 N.E.2d 1064, 1073 (2004), the reviewing court vacated the trial court's sentence and remanded the case for resentencing. There, during sentencing, the court expressed its distaste or disgust for gang violence, but no evidence was presented the crime was gang-related. *Zapata*, 347 Ill. App. 3d at 966, 808 N.E.2d at 1073. In this case, evidence did show defendant possessed the firearm in a manner which posed a serious threat of harm to others. The court's remark about why defendant possessed the firearm in such a manner went along with the court's comments about the seriousness of the offense.

¶ 24  Defendant also cited *People v. Embry*, 179 Ill. App. 3d 1059, 1062, 535 N.E.2d

87, 89 (1989), where the reviewing court also vacated the defendant's sentence and remanded for resentencing based on two errors. One error was the court's consideration in aggravation of the defendant's eligibility for an extended-term sentence based on the victim's age. *Embry*, 179 Ill. App. 3d at 1061, 535 N.E.2d at 88. The other error was the court's consideration of unfounded speculation concerning a previous crime committed by the defendant. *Embry*, 179 Ill. App. 3d at 1061, 535 N.E.2d at 88. Again, in this case, evidence was presented indicating defendant's possession of the firearm was a serious matter because of the manner in which defendant possessed it.

¶ 25        Accordingly, we do not find the circuit court erred in sentencing defendant.

¶ 26                          III. CONCLUSION

¶ 27        For the reasons stated, we affirm the Woodford County circuit court's judgment.

¶ 28        Affirmed.