NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230413-U

NO. 4-23-0413

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 3, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| SHAWN M. LEONARD, | ) | No. 20CF563 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE CAVANAGH delivered the judgment of the court.
Justices Harris and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: By incurring a felony conviction, even a nonviolent felony conviction, a citizen forever loses the constitutional right to have a firearm for the defense of his person and his house.

¶ 2    In a stipulated bench trial, the circuit court of Winnebago County found defendant, Shawn M. Leonard, guilty of count V of an indictment, a count that charged him with being an armed habitual criminal. 720 ILCS 5/24-1.7 (West 2020). The court sentenced him to imprisonment. He appeals, contending that, under the second amendment (U.S. Const., amend. II), the armed habitual criminal statute is unconstitutional on its face and as applied to him. In our *de novo* review, we adhere to our previous decisions that the statute does not violate the second amendment. Therefore, we affirm the court's judgment.

¶ 3                                I. BACKGROUND

¶ 4        In counts I and II of the indictment, defendant was charged with aggravated battery of a child under 13. Specifically, count I alleged the infliction of great bodily harm upon a child, H.S.L. (720 ILCS 5/12-3.05(b)(1) (West 2020)), whereas count II alleged the infliction of bodily harm upon her, not great bodily harm (*id.* § 12-3.05(b)(2)). Count III charged defendant with unlawful use of weapons by a felon (*id.* § 24-1.1(a)). Count IV charged him with domestic battery of S.L. (*id.* § 12-3.2(a)).

¶ 5        The State elected to try counts I, II, and IV first. Defendant waived a jury trial. The circuit court found him guilty of counts II and IV but not guilty of count I.

¶ 6        Immediately before the bench trial on count III, which had been severed, a grand jury returned a fifth count against defendant. Count V charged him with being an armed habitual criminal (*id.* § 24-1.7). On March 16, 2020, according to count V, he possessed a 9-millimeter pistol after having been convicted of burglary in Winnebago County case No. 09-CF-738 and unlawful use of a weapon by a felon in Winnebago County case No. 11-CF-2657.

¶ 7        The parties agreed to a stipulated bench trial on count V and to the dismissal of count III. The stipulation on count V was essentially as follows. In response to a report of suspected child abuse, police officers went to a residence to perform a welfare check. The occupants of the residence were defendant, H.S.L., and S.L. H.S.L. was taken into protective custody, and the police interviewed S.L. and defendant. S.L. would testify that as the police interviewed her, she gave them permission to search the residence. In the ensuing search, the police found a loaded 9-millimeter pistol on the backrest of a couch. S.L. would further testify that the pistol belonged to defendant, he had possessed the pistol for a month, and he was accustomed to keeping the pistol where the police had found it, on the backrest of the couch. According to laboratory testing, defendant could not be excluded as one of the contributors of DNA that was found on the pistol.

He previously was convicted of burglary in case No. 09-CF-738 and unlawful use of a weapon by a felon in case No. 11-CF-2657.

¶ 8        In response to the stipulation, the circuit court found defendant guilty of count V. The court imposed the following agreed-upon sentences: 10 years' imprisonment for count II, 6 years' imprisonment for count IV, and 10 years' imprisonment for count V. The court ordered that these sentences would run concurrently.

¶ 9                                II. ANALYSIS

¶ 10                        A. The Armed Habitual Criminal Statute

¶ 11        Section 24-1.7(a)(1) and (2) of the Criminal Code of 2012 (Code) (*id.* § 24-1.7(a)(1), (2)) provides as follows:

> "(a) A person commits the offense of being an armed habitual criminal if he *** possesses *** any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:
>
>> (1) a forcible felony as defined in Section 2-8 of this Code [(*id.* § 2-8)]; [or]
>>
>> (2) unlawful use of a weapon by a felon ***."

Section 2-8 in turn defines a " '[f]orcible felony' " as including "burglary." *Id.* § 2-8.

¶ 12        According to the stipulation, which the prosecutor, defense counsel, and defendant signed, defendant had two prior qualifying convictions when, on March 16, 2020, the police found the pistol on the backrest of the couch. The prior convictions were (to quote the stipulation) "Burglary in 09-CF-738 (a forcible felony) and Unlawful Use of a Weapon by a Felon in 11-CF-2657." Given those prior convictions, defendant's subsequent possession of the pistol on the couch was an offense of "being an armed habitual criminal" (*id.* § 24-1.7(a)(1), (2))—a Class X felony

(*id.* § 24-1.7(b)), punishable by imprisonment for not less than 6 years and not more than 30 years (see 730 ILCS 5/5-4.5-25(a) (West 2020)).

¶ 13         B. Defendant's Constitutional Challenge to the Armed Habitual Criminal Statute

¶ 14         Defendant contends that, facially and as applied to him, the armed habitual criminal statute violates the second amendment (U.S. Const., amend. II) (applicable to the states through the fourteenth amendment (U.S. Const., amend. XIV) (see *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010)) because "there is no founding-era evidence of permanent status-based revocation of the right to keep and bear arms." In *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17, 24 (2022), the Supreme Court held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct" and the government "must then justify its regulation by demonstrating that [the regulation] is consistent with the Nation's historical tradition of firearm regulation." The government must make this demonstration by identifying a historical analogue to the challenged gun regulation: "historical precedent from before, during, and even after the founding [that] evinces a comparable tradition of regulation." (Internal quotation marks omitted.) *Id.* at 27. Defendant maintains that (1) the second amendment's plain language protected his right to possess a firearm and (2) the State is unable to identify a historical analogue to the armed habitual criminal statute. Therefore, on the authority of Bruen, 597 U.S. at 71, he concludes that the armed habitual criminal statute "violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms" (to quote his brief).

¶ 15         However, under our decisions in *People v. Boyce*, 2023 IL App (4th) 221113-U, ¶ 14, and *People v. Langston*, 2023 IL App (4th) 230162-U, ¶ 19, defendant's previous felony convictions make him *not* a law-abiding citizen and, therefore, *not* protected by the second

amendment. By incurring a felony conviction, even a nonviolent felony conviction, a citizen forever loses the constitutional right to have a firearm for the defense of his person and his house.

¶ 16                                   III. CONCLUSION

¶ 17            For the foregoing reasons, we affirm the circuit court's judgment.

¶ 18            Affirmed.