NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231444-U

NO. 4-23-1444

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 2, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| BENJAMIN GUSTAFSON, | ) | No. 17CF159 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Michael L. Atterberry, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Steigmann and DeArmond concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Defendant failed to establish that the armed habitual criminal statute under which
he was convicted was facially unconstitutional under either the United States
Constitution or the Illinois Constitution.

¶ 2     Defendant, Benjamin Gustafson, was convicted of being an armed habitual
criminal and sentenced to 24 years' imprisonment. He subsequently filed a petition for
postconviction relief that was denied following an evidentiary hearing. Defendant appeals the
denial of his postconviction petition, arguing, for the first time on appeal, that the armed habitual
criminal statute is facially unconstitutional under the United States and Illinois Constitutions. We
affirm.

¶ 3                                    I. BACKGROUND

¶ 4	In May 2018, a jury found defendant guilty of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)) and being an armed habitual criminal (*id.* § 24-1.7(a)). The trial court found that the former offense merged into the latter offense and sentenced defendant to 24 years' imprisonment. This court affirmed defendant's conviction on direct appeal. *People v. Gustafson*, 2021 IL App (4th) 180498-UB. In September 2021, defendant *pro se* filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant did not include the constitutional challenges he raises on appeal in his postconviction petition. The trial court denied defendant's petition following an evidentiary hearing.

¶ 5	This appeal followed.

¶ 6	II. ANALYSIS

¶ 7	On appeal, and for the first time, defendant argues that the armed habitual criminal statute is facially unconstitutional under the second amendment of the United States Constitution (U.S. Const., amend. II) and article I, section 22 of the Illinois Constitution (Ill. Const. 1970, art. I, § 22), pursuant to the new framework for analyzing second amendment challenges articulated by the Supreme Court in *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

¶ 8	Before addressing the merits of defendant's constitutional challenges, we note that the State, citing our supreme court's decision in *People v. Jones*, 213 Ill. 2d 498 (2004), contends defendant forfeited the arguments raised on appeal by failing to include them in his postconviction petition and, according to the State, we lack the authority to excuse defendant's forfeiture. In *Jones*, our supreme court "stress[ed] that our appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings,

an appellate [forfeiture] caused by the failure of a defendant to include issues in his or her postconviction petition." *Id.* at 508. However, *Jones* does not apply to the instant appeal, as a facial challenge to the constitutionality of a statute is not subject to forfeiture and may be raised at any time. *In re M.I.*, 2013 IL 113776, ¶ 39 ("[A] challenge to the constitutionality of a statute may be raised at any time."); *People v. Matthews*, 2022 IL App (4th) 210752, ¶ 24 ("Voidness challenges are not subject to forfeiture or any other procedural bar, and such challenges may be raised at any time in any court." (Internal quotation marks omitted.)). Thus, we reject the State's contention and address defendant's arguments on the merits.

¶ 9        "Constitutional challenges carry the heavy burden of successfully rebutting the strong judicial presumption that statutes are constitutional." *People v. Patterson*, 2014 IL 115102, ¶ 90. "That presumption applies with equal force to legislative enactments that declare and define conduct constituting a crime and determine the penalties imposed for such conduct." *People v. Rizzo*, 2016 IL 118599, ¶ 23. "To overcome this presumption, the party challenging the statute must clearly establish that it violates the constitution." *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005). "A party raising a facial challenge to a statute faces a particularly heavy burden. [Citation.] A statute will be deemed facially unconstitutional only if there is no set of circumstances under which the statute would be valid." *People v. Bochenek*, 2021 IL 125889, ¶ 10. "Courts have a duty to uphold the constitutionality of a statute whenever reasonably possible, resolving any doubts in favor the statute's validity." *Rizzo*, 2016 IL 118599, ¶ 23. "The determination of whether a statute is constitutional is a question of law to be reviewed *de novo*." *People v. Relerford*, 2017 IL 121094, ¶ 30.

¶ 10                    A. The United States Constitution

¶ 11　　　　　Relying on the Supreme Court's decision in *Bruen*, defendant first argues that the armed habitual criminal statute violates the second amendment to the United States Constitution on its face. According to defendant, he "is part of 'the People' to whom the Second Amendment refers, and his past felony convictions do not remove him from that group." Defendant further contends that the statute is inconsistent with the nation's historical tradition of firearm regulation, arguing "there is no founding-era evidence of permanent status-based revocation of the right to keep and bear arms."

¶ 12　　　　　The second amendment to the United States Constitution provides as follows: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. The Supreme Court, in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), held "that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 597 U.S. at 8-9. In *Bruen*, the Supreme Court held, "consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10. In reaching its decision, the *Bruen* court articulated the following framework for analyzing whether a particular regulation violates the second amendment:

　　　　　　"[W]e hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm

- 4 -

regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.' " *Id.* at 17 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 (1961)).

¶ 13 The armed habitual criminal statute provides, in pertinent part, that a "person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses or transfers any firearm after having been convicted a total of 2 or more times of any combination" of certain enumerated offenses. See 720 ILCS 5/24-1.7(a) (West 2016). There is no dispute that the State proved the essential elements of the offense of being an armed habitual criminal beyond a reasonable doubt at defendant's trial.

¶ 14 As noted above, defendant argues the armed habitual criminal statute is facially unconstitutional because it regulates conduct—*i.e.*, possessing a firearm—protected by the second amendment and it is inconsistent with this nation's historical tradition of firearm regulation where "there is no founding-era evidence of permanent status-based revocation of the right to keep and bear arms." We disagree, as this court has repeatedly rejected this same argument on the basis that a *felon's* possession of a firearm is not conduct protected by the second amendment. See *People v. Burns*, 2024 IL App (4th) 230428 (finding a felon's possession of a firearm is not conduct protected by the second amendment); *People v. Leonard*, 2024 IL App (4th) 230413-U (same); *People v. Boyce*, 2023 IL App (4th) 221113-U (same); *People v. Langston*, 2023 IL App (4th) 230162-U (same).

¶ 15 In *Burns*, the defendant argued that his conviction for unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)) should be vacated because the unlawful

possession of a weapon by a felon statute was facially unconstitutional for the same reasons advanced by defendant in this case. *Burns*, 2024 IL App (4th) 230428, ¶ 16. Relying on the First District's decision in *People v. Baker*, 2023 IL App (1st) 220328, we rejected the defendant's argument on the basis that, as a felon, *Bruen* simply did not apply to him. *Id.* ¶¶ 18-21. Specifically, we relied on the following reasoning in *Baker* to conclude that a felon's possession of a firearm was not conduct protected by the second amendment:

> "The *Bruen* Court could not have been more clear that its newly announced test applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens,' and not felons like defendant. *Bruen*, 597 U.S. at —, 142 S. Ct. at 2156 (the holding was limited to laws affecting 'law-abiding citizens'). Just in case a reader missed the first time that the court said it, the court repeated it 18 times. *Bruen*, 597 U.S. at —, 142 S. Ct. 2111 *passim* (the six justices in the majority repeated the phrase 'law-abiding' 18 times in their majority opinion and their concurrences). Further, Justice Kavanaugh in his concurrence quoted an earlier case that stated: ' "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ***." ' *Bruen*, 597 U.S. at —, 142 S. Ct. at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.) (quoting *Heller*, 554 U.S. at 626-27, 128 S. Ct. 2783). Justice Kavanaugh's concurrence was joined by Chief Justice Roberts, and they both joined the six-justice majority opinion. Based on the plain, clear, and repeated

language of the justices in the majority, defendant is simply

outside the box drawn by *Bruen*." *Baker*, 2023 IL App (1st)

220328, ¶ 37.

We found the *Baker* court's reasoning instructive and agreed that "*Bruen's* historical-tradition test applies to regulations affecting *law-abiding* citizens' possession of firearms." (Emphasis in original.) *Burns*, 2024 IL App (4th) 230428, ¶ 21. Ultimately, in rejecting the defendant's facial challenge to the unlawful possession of a weapon by a felon statute, we held that, "[a]s a felon, defendant, by definition, is not a law-abiding citizen. Thus, defendant cannot show that his conduct was presumptively protected by the second amendment, and therefore, he does not fall within the scope of *Bruen*." *Id.*

¶ 16        Here, there is no dispute that defendant is a convicted felon and therefore not a "law-abiding citizen." Thus, consistent with our opinion in *Burns*, we find defendant has failed to establish that his conduct in possessing a firearm as a convicted felon was presumptively protected by the second amendment. We note that defendant "urges this Court to reject" the cases that have held a felon's possession of a weapon is not protected by the second amendment. He contends we should instead find, as the First District did in *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 89, that a felon's possession of a firearm is conduct presumptively protected by the second amendment because a "defendant's status as a felon is irrelevant" when determining whether the second amendment's plain text covers an individual's conduct. We decline to follow *Brooks*, as it is in direct conflict with our holdings in *Burns*, *Boyce*, *Langston*, and *Leonard*. See *Deutsche Bank National Trust Co. v. Iordanov*, 2016 IL App (1st) 152656, ¶ 44 ("One district of the appellate court is not bound to follow the decision of another district when the district has made a determination of its own contrary to that of another district."). Moreover, we note that a

separate panel of the First District has flatly rejected the *Brooks* court's finding (*People v. Muhammad*, 2023 IL App (1st) 230121-U, ¶ 23) and another panel has called its reasoning into question (*People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 56). Accordingly, for the reasons discussed, we reject defendant's argument that the armed habitual criminal statute violates the second amendment to the United States Constitution on its face.

¶ 17                                    B. The Illinois Constitution

¶ 18            Defendant also argues that the armed habitual criminal statute violates article 1, section 22 of the Illinois Constitution (Ill. Const. 1970, art. I, § 22) on its face. Defendant asserts that "the Illinois Constitution provides greater protection than the Second Amendment by expanding the group of persons subject to its provisions." He further maintains that "to the extent the prefatory clause in the Illinois Constitution, 'Subject only to the police power,' limits the right to keep and bear arms, under the Supremacy Clause, those limits go only as far [as] the historical limits the Supreme Court established in [*Bruen*]."

¶ 19            Article I, section 22 of the Illinois Constitution provides, "Subject only to the police power, the right of the individual citizen to keep and bear arms shall not be infringed." Ill. Const. 1970, art. I, § 22. "The section does not mirror the second amendment to the Federal Constitution [citation]; rather it adds the words '[s]ubject only to the police power,' omits prefatory language concerning the importance of a militia, and substitutes 'the individual citizen' for 'the people.' " *Kalodimos v. Village of Morton Grove*, 103 Ill. 2d 483, 491 (1984) (quoting Ill. Const. 1970, art. I, § 22). "[T]he latter two changes were intended to broaden the scope of the right to arms from a collective one applicable only to weapons traditionally used by a regulated militia [citation], to an individual right covering a wider variety of arms." *Id.* (citing Report of the Bill of Rights Committee on the Preamble and Bill of Rights, 6 Record of Proceedings, Sixth

Illinois Constitutional Convention 87). "Equally distinctive, however, is the explicit recognition of 'the police power' as a limitation on the liberty the provision affords." *Id.* "The Bill of Rights Committee explained in its report that '[b]ecause arms pose an extraordinary threat to the safety and good order of society, the possession and use of arms is subject to an extraordinary degree of control under the police power.' " *Id.* at 491-92 (quoting Report of the Bill of Rights Committee on the Preamble and Bill of Rights, 6 Record of Proceedings, Sixth Illinois Constitutional Convention 88).

¶ 20　　　　This court, in *Burns* and *Boyce*, rejected the same argument defendant now raises, finding that prohibiting the possession of firearms by felons was a proper exercise of the legislature's police power. *Burns*, 2024 IL App (4th) 230428, ¶¶ 23-29; *Boyce*, 2023 IL App (4th) 221113-U, ¶¶ 17-18. We reasoned, "Illinois courts have recognized that, in *McDonald*, Justice Alito 'noted that federal and state legislatures and local governments have police powers to pass laws that promote the health, safety and general welfare of their citizens.' " *Burns*, 2024 IL App (4th) 230428, ¶ 27 (quoting *People v. Robinson*, 2011 IL App (1st) 100078, ¶ 23). Moreover, "the Supreme Court reiterated its statement in *Heller* that its holding did not cast doubt on longstanding regulatory measures such as 'prohibitions on the possession of firearms by felons.' " *Boyce*, 2023 IL App (4th) 221113-U, ¶ 18 (quoting *McDonald*, 561 U.S. at 786). Thus, we found that "even assuming defendant is an 'individual citizen' such that he falls under the scope of article I, section 22, contrary to defendant's argument, the police power includes the power to regulate certain aspects of gun possession and ownership," including "the longstanding prohibition on the possession of firearms by felons." (Internal quotation marks omitted.) *Burns*, 2024 IL App (4th) 230428, ¶ 27.

¶ 21 We agree with the reasoning and holdings in *Burns* and *Boyce*, and again find that the prohibition on the possession of firearms by felons is a proper exercise of the legislature's police power. Accordingly, we conclude defendant has failed to establish that the armed habitual criminal statute violates article I, section 22 of the Illinois Constitution.

¶ 22 III. CONCLUSION

¶ 23 For the reasons stated, we affirm the trial court's judgment.

¶ 24 Affirmed.